

1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11
12

JAY G. KIMPEL,
CDCR #V-01627,

13

Plaintiff,

14
15
16

vs.

17
18
19
20

I. MARQUEZ; D. MARTINEZ;
A. BUENROSTRO; RICO; RINK,

21
22
23

Defendants.

24
25

Civil No.    11-1084 JLS (POR)

**ORDER:**

**(1)  GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING BALANCE FROM PRISONER'S TRUST ACCOUNT PURSUANT TO 28 U.S.C. § 1915(a) [ECF No. 2];**

**(2) DENYING MOTION FOR LEGAL ACCESS TO LAW LIBRARY AND MOTION TO APPOINT COUNSEL WITHOUT PREJUDICE [ECF Nos. 4, 5]; and**

**(3)  DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT PURSUANT TO FED.R.CIV.P. 4(c)(3) &  28 U.S.C. § 1915(d)**

26

Jay G. Kimpel,  ("Plaintiff"), a state prisoner currently incarcerated at the Richard J.

27

Donovan Correctional Facility located in San Diego, California, and proceeding in pro se, has

28

filed this civil rights Complaint pursuant to 42 U.S.C. § 1983.

Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead he has filed a certified copy of his inmate trust account statement which the Court liberally construes as a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].  In addition, Plaintiff has filed a "Motion for Legal Access to Law Library at RJD State Prison." [ECF No. 4].

# I.

## MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2).

/ / /

The Court finds that Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2.   *Andrews*, 398 F.3d at 1119. Plaintiff's trust account statement shows he has insufficient funds with which to pay any initial partial filing fee.  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay [an] initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available.").

Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP [ECF No. 2], and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).  However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.

## MOTION FOR ORDER FOR LEGAL ACCESS TO LAW LIBRARY

In this Motion, which is far from clear, Plaintiff is requesting that this Court issue an Order for "full use of legal information in the prison's law library."  (Pl.'s Mot. at 1.)  It is simply not clear to the Court what Plaintiff is referring to when he requests "full use of legal information." It is also  not clear whether Plaintiff has some access to the law library or whether he is requesting unlimited access to the prison's law library.  Regardless, there are no current pending deadlines in this case and thus, law library access is not required at this stage of the proceedings.  Accordingly, Plaintiff's Motion for Legal Access to Law Library is **DENIED** without prejudice.

## III.

## SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or

conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).   Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").   In addition, courts "have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, __ F.3d __, 2010 WL 4673711 at *3 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). The court may not, however, "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).   "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

As currently pleaded, the Court finds Plaintiff's allegations sufficient to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Lopez*, 203 F.3d at 1126-27.  Accordingly, the Court finds Plaintiff is entitled to U.S. Marshal service on his behalf. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.").   Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12[] motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

# IV.

## MOTION FOR APPOINTMENT OF COUNSEL [ECF NO. 5]

Plaintiff also requests the appointment of counsel to assist him in prosecuting this civil action.  The Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose his physical liberty if he loses the litigation.  *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981).  Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons.  This discretion may be exercised only under "exceptional circumstances."  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.'  Neither of these issues is dispositive and both must be viewed together before reaching a decision."  *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, while the Court has found that Plaintiff's Complaint has survived the sua sponte screening process such that it requires a response from Defendants, the record is not developed such that the Court can make a determination on the likelihood of success on the merits at this stage of the proceedings.  In addition, at this stage, Plaintiff appears to be able to articulate his claims as set forth above in the Court's determination  that he is entitled to U.S. Marshal Service of his Complaint.  Accordingly, the Court denies Plaintiff's request without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time.  *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

# V.

## CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1.      Plaintiff's Motion for Court Order for Legal Access to Law Library is **DENIED** without prejudice [ECF No. 4].

2.      Plaintiff's Motion to Appoint Counsel [ECF No. 5] is **DENIED** without prejudice.

/ / /

1    3.      Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2] is

2    **GRANTED**.

3    4.      The Secretary of California Department of Corrections and Rehabilitation, or his

4    designee, is ordered to collect from Plaintiff's prison trust account the $350 balance of the filing

5    fee owed in this case by collecting monthly payments from the trust account in an amount equal

6    to twenty percent (20%) of the preceding month's income credited to the account and forward

7    payments to the Clerk of the Court each time the amount in the account exceeds $10 in

8    accordance with 28 U.S.C. § 1915(b)(2).   ALL PAYMENTS SHALL BE CLEARLY

9    IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

10   5.      The Clerk of the Court is directed to serve a copy of this order on Matthew Cate,

11   Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883,

12   Sacramento, California 94283-0001.

13   **IT IS FURTHER ORDERED** that:

14   6.      The Clerk shall issue a summons as to Plaintiff's Complaint [ECF No. 1] upon

15   Defendants and shall and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for

16   each Defendant.  In addition, the Clerk shall provide Plaintiff with a certified copy of this Order

17   and a certified copy of his Complaint and the summons so that he may serve Defendants.  Upon

18   receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and

19   accurately as possible, and to return them to the United States Marshal according to the

20   instructions provided by the Clerk in the letter accompanying his IFP package.   Upon receipt,

21   the U.S. Marshal shall serve a copy of the Complaint and summons upon  Defendants as directed

22   by Plaintiff on the USM Form 285s.  All costs of service shall be advanced by the United States.

23   *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

24   7.      Defendants are thereafter **ORDERED** to reply to Plaintiff's Complaint within the

25   time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).  *See* 42

26   U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to

27   reply to any action brought by a prisoner confined in any jail, prison, or other correctional

28   facility under section 1983," once the Court has conducted its sua sponte screening pursuant to

28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on

the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

8.     Plaintiff shall serve upon the Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

**IT IS SO ORDERED.**

DATED:  September 6, 2011

Honorable Janis L. Sammartino
United States District Judge