UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAY G KIMPEL,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>I MARQUEZ, CDC Correctional Officer; D. MARTINEZ, RJ Donovan State Prison; A BUENROSTRO, RJ Donovan State Prison; RICO, Correctional Officer, RJ Donovan State Prison; and RINK, Lieutenant,<br><br>　　　　　　　　　　Defendants. | Civil No.   11-cv-1084-JLS (POR)<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br>**[ECF No. 13]** |

Plaintiff Jay Kimpel, a state prisoner currently incarcerated at RJ Donovan Correctional Facility, is proceeding *pro se* and *in forma pauperis* on a civil rights action filed under 28 U.S.C. §1983.  (ECF No. 1.)  On September 16, 2011, Plaintiff filed a Motion for Appointment of Counsel.  (ECF No. 13.)  Specifically, Plaintiff argues the appointment of counsel is appropriate because he has "only a sixth grade education and can barely read or write."  He claims to have limited access to the law library and limited knowledge of the law.  In addition, Plaintiff argues the issues presented in his complaint are complex and counsel will be required to assist in discovery, present evidence and cross-examine witnesses at trial.  For the reasons set forth below, the Court hereby **DENIES** Plaintiff's motion without prejudice.

"[T]here is no absolute right to counsel in civil proceedings." Hedges v. Resolution Trust Corp. (In re Hedges), 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted).  Thus, federal courts do

not have the authority "to make coercive appointments of counsel." <u>Mallard v. United States District Court</u>, 490 U.S. 296, 310 (1989); <u>see also</u> <u>United States v. $292,888.04 in U.S. Currency</u>, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. <u>See</u> <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Burns v. County of King</u>, 883 F.2d 819, 823 (9th Cir. 1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" <u>Id.</u> (quoting <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986)).

In the absence of counsel, however, the procedures employed by the federal courts are highly protective of a pro se litigant's rights. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (holding *pro se* complaint to less stringent standard)(per curiam).  Where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. <u>Karim-Panahi v. Los Angeles Police Dep't</u>, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1261 (9th Cir. 1992).

In this case, Plaintiff has failed to demonstrate extraordinary circumstances at this time. First, Plaintiff has not shown how his limited education or access to the law library prevent him from sufficiently prosecuting his lawsuit. Rather, Plaintiff's Complaint enumerates specific causes of action, demonstrates that Plaintiff has a good grasp of his case, and survived the Court's *sua sponte* screening, on the first attempt, under 28 U.S.C. § 1915(e)(2) and § 1915A(b). Second, there are currently no substantive motions pending, and thus, a determination of the complexity of the legal issues would be premature. Moreover, at this stage of the proceedings, there is no indication that discovery is necessary.

//

//

1    Based thereon, the Court hereby **DENIES** Plaintiff's Motion for Appointment of Counsel
2 without prejudice .
3    **IT IS SO ORDERED.**
4
5 DATED:  September 26, 2011
6
7                                   _____
                                    LOUISA S PORTER
8                                   United States Magistrate Judge
9 cc:    The Honorable Janis Sammartino
        All parties