UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAY G KIMPEL,<br><br>Plaintiff,<br><br>v.<br><br>I MARQUEZ, CDC Correctional Officer; D. MARTINEZ, RJ Donovan State Prison; A BUENROSTRO, RJ Donovan State Prison; RICO, Correctional Officer, RJ Donovan State Prison; and RINK, Lieutenant,<br><br>Defendants. | Civil No.   11-cv-1084-JLS (POR)<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br>**[ECF No. 54]** |

Plaintiff Jay Kimpel, a state prisoner currently incarcerated at RJ Donovan Correctional Facility, is proceeding *pro se* and *in forma pauperis* on a civil rights action filed under 28 U.S.C. §1983.  (ECF No. 1.)  On March 19, 2012, Plaintiff filed a Motion for Appointment of Counsel. (ECF No. 54.)  Specifically, Plaintiff argues the appointment of counsel is appropriate because he has limited access to the law library and the materials necessary to litigate this action.  For the reasons set forth below, the Court hereby **DENIES** Plaintiff's motion without prejudice.

"[T]here is no absolute right to counsel in civil proceedings."  Hedges v. Resolution Trust Corp. (In re Hedges), 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted).  Thus, federal courts do not have the authority "to make coercive appointments of counsel."  Mallard v. United States District Court, 490 U.S. 296, 310 (1989); see also United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995).

1  Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Burns v. County of King, 883 F.2d 819, 823 (9th Cir. 1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

In the absence of counsel, however, the procedures employed by the federal courts are highly protective of a pro se litigant's rights. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding *pro se* complaint to less stringent standard)(per curiam). Where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).

Plaintiff fails to demonstrate extraordinary circumstances at this time. Upon a review of the pleadings, the Court finds that Plaintiff has adequately prosecuted his lawsuit. Plaintiff's Complaint survived the initial screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and Plaintiff served the Complaint on all named Defendants. His numerous filings suggest Plaintiff understands the facts and legal issues of the case. Furthermore, Plaintiff filed an Opposition and Sur-reply to Defendants' Motion to Dismiss. At present, no further briefing is required of Plaintiff. Based thereon, the Court hereby **DENIES** Plaintiff's Motion for Appointment of Counsel without prejudice.

**IT IS SO ORDERED.**

DATED: March 22, 2012

_____
LOUISA S PORTER
United States Magistrate Judge

cc: The Honorable Janis Sammartino
    All parties