1
2
3
4
5
6
7
8                                  UNITED STATES DISTRICT COURT

9                               SOUTHERN DISTRICT OF CALIFORNIA

10   JAY G KIMPEL,                                    Civil No.    11-cv-1084-JLS (POR)

11                                    Plaintiff,

12              v.                                    **ORDER DENYING MOTION TO
                                                     APPOINT COUNSEL**
13   I MARQUEZ, CDC Correctional Officer; D.
     MARTINEZ, RJ Donovan State Prison; A             **[ECF No. 54]**
14   BUENROSTRO, RJ Donovan State Prison;
     RICO, Correctional Officer, RJ Donovan State
15   Prison; and RINK, Lieutenant,

16
17                                   Defendants.

18          Plaintiff Jay Kimpel, a state prisoner currently incarcerated at RJ Donovan Correctional

19   Facility, is proceeding *pro se* and *in forma pauperis* on a civil rights action filed under 28 U.S.C.

20   §1983.  (ECF No. 1.)  On March 19, 2012, Plaintiff filed a Motion for Appointment of Counsel.

21   (ECF No. 54.)  Specifically, Plaintiff argues the appointment of counsel is appropriate because he

22   has limited access to the law library and the materials necessary to litigate this action.  For the

23   reasons set forth below, the Court hereby **DENIES** Plaintiff's motion without prejudice.

24          "[T]here is no absolute right to counsel in civil proceedings."  Hedges v. Resolution Trust

25   Corp. (In re Hedges), 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted).  Thus, federal courts do

26   not have the authority "to make coercive appointments of counsel."  Mallard v. United States

27   District Court, 490 U.S. 296, 310 (1989); see also United States v. $292,888.04 in U.S. Currency, 54

28   F.3d 564, 569 (9th Cir. 1995).

1    Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request"

2    that an attorney represent indigent civil litigants upon a showing of exceptional circumstances.  See

3    Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Burns v. County of King, 883 F.2d 819, 823

4    (9th Cir. 1989).  "A finding of exceptional circumstances requires an evaluation of both the

5    'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in

6    light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both

7    must be viewed together before reaching a decision.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d

8    1328, 1331 (9th Cir. 1986)).

9    In the absence of counsel, however, the procedures employed by the federal courts are highly

10    protective of a pro se litigant's rights.  See Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding *pro*

11    *se* complaint to less stringent standard)(per curiam).  Where a plaintiff appears *pro se* in a civil

12    rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the

13    doubt.  Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).  The rule of

14    liberal construction is "particularly important in civil rights cases." Ferdik v. Bonzelet, 963 F.2d

15    1258, 1261 (9th Cir. 1992).

16    Plaintiff fails to demonstrate extraordinary circumstances at this time. Upon a review of the

17    pleadings, the Court finds that Plaintiff has adequately prosecuted his lawsuit.  Plaintiff's Complaint

18    survived the initial screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and Plaintiff

19    served the Complaint on all named Defendants.  His numerous filings suggest Plaintiff understands

20    the facts and legal issues of the case.  Furthermore, Plaintiff filed an Opposition and Sur-reply to

21    Defendants' Motion to Dismiss. At present, no further briefing is required of Plaintiff.  Based

22    thereon, the Court hereby **DENIES** Plaintiff's Motion for Appointment of Counsel without

23    prejudice.

24    **IT IS SO ORDERED.**

25    DATED:  March 22, 2012

26

27    _____
     LOUISA S PORTER
     United States Magistrate Judge

28    cc:    The Honorable Janis Sammartino
            All parties