UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAY G KIMPEL,<br><br>                                    Plaintiff,<br><br>          v.<br><br>I MARQUEZ, CDC Correctional Officer; D. MARTINEZ, RJ Donovan State Prison; A BUENROSTRO, RJ Donovan State Prison; RICO, Correctional Officer, RJ Donovan State Prison; and RINK, Lieutenant,<br><br>                                    Defendants. | Civil No.   11-cv-1084-JLS (DHB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR COMPLETE COPIES OF ALL DOCKET ENTRIES**<br><br>**[ECF No. 66]** |

Plaintiff Jay Kimpel is a state prisoner proceeding *pro se* and *in forma pauperis* on a civil rights action filed under 28 U.S.C. §1983. (ECF No. 1.) On April 26, 2012, Plaintiff filed a motion requesting the Court send him a complete copy of every entry on the docket because he either does not have copies or his copies were lost when he was transferred between correctional facilities. (ECF No. 66.) Although Plaintiff is proceeding *pro se* and *in forma pauperis*, he is not entitled to free photocopies of every docket entry. The Ninth Circuit and other Courts of Appeal have traditionally held that 28 U.S.C. § 1915 provides no statutory authority for federal courts to authorize waiver of witness fees or to front other costs of litigation on behalf of an *in forma pauperis* litigant. Section 1915 only authorizes the court to permit commencement of suit without prepayment of fees and costs upon a showing of indigency. *Hadsell v. Comm'r Internal Revenue Service*, 107 F.3d 750, 752 (9th Cir. 1997); *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993); *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) (per

1 curiam). Further, prisoners have no constitutional right to free photocopy services. *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1990) (per curiam). *See Reynolds v. Wagner*, 128 F.3d 166, 183 (3d Cir.1997) ("[T]here is no First Amendment right to subsidized [legal] mail or photocopying.").

 IT IS HEREBY ORDERED that Plaintiff's Motion for Complete Copies of All Docket Entries is DENIED.

 IT IS FURTHER ORDERED the Clerk of Court shall send Plaintiff a copy of the current docket sheet. If Plaintiff can identify the specific docket entries he needs, and explain why he needs them, the Court will reconsider his request.

 IT IS SO ORDERED.

DATED: April 30, 2012

DAVID H. BARTICK
United States Magistrate Judge