UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAY G. KIMPEL, | ) | Civil No.11cv1084 JLS (PCL) |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **GRANTING DEFENDANTS' MOTION** |
| I. MARQUEZ et al., | ) | **TO DISMISS** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This Report and Recommendation is submitted to United States District Judge Janis L. Sammartino, pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1 of the United States District Court for the Southern District of California.

**I.**

**BACKGROUND**

Plaintiff Jay Kimpel, a California State Prisoner currently incarcerated at Vista Detention Facility, is proceeding pro se and in forma pauperis with a 42 U.S.C. § 1983 Complaint against Defendants I. Marquez, D. Martinez, A. Buenrostro, Rico, and Rink. (Doc. 1.) Plaintiff claims that Defendants used excessive force against him in violation of the Eighth Amendment on January 24, 2011 at the RJ Donovan Correctional Facility. (Doc. 1, at 3.) Plaintiff contends that Correctional Officers Buenrostro, Rico, and Martinez entered his cell and pinned him down with a shield, punched him in the

1 body, and then hit him on the head with a baton after he was handcuffed. (Id.) Plaintiff alleges that
2 Officer Marquez shackled Plaintiff's legs and dragged him by his shackles off his bunk and out of the
3 cell after his head was split open. (Id. at 2-3.) Plaintiff contends that after being examined by a nurse,
4 Defendant Rink told the officers to put Plaintiff back in his cell. (Id. at 3.)  Afterwards, Plaintiff claims
5 that he was interviewed on camera about the incident. (Id.) Later, he claims to have received medical
6 treatment from a nurse, who indicated that he needed stitches to his forehead. (Id.) He claims that he
7 received five stitches and a scar in the middle of his head and that he feels very uncomfortable every
8 time he tries to sleep near an officer. (Id.) Plaintiff seeks compensatory damages of $250,000 and
9 punitive damages of $250,000. (Id. at 7.) Finally, Plaintiff contends that he exhausted his administrative
10 remedies and explains that he filed a 602 appeal but "they said I had to [sic] many 602's so they sent it
11 back to me then I sent it again and they sent it back saying it was to [sic] late to file a 602 on this
12 matter." (Id. at 6.)

13 Defendants filed a Motion to Dismiss pursuant to FED. R. CIV. P. 12(b) for failure to exhaust
14 administrative remedies.  (Doc. 38.) Defendants also argued that Defendants Rink and Marquez should
15 be dismissed because Plaintiff failed to state an Eighth Amendment claim against them. (Doc. 38, at 3.)
16 Plaintiff filed a response, in which he stated that he tried to follow the 602 process but he was told that
17 he filed too many 602s, filed 602s on outdated forms, and was ultimately told that he filed his grievance
18 too late. (Docs. 46 and 52.) Plaintiff did not rebut Defendants' argument that he failed to state a claim
19 against Rink and Marquez. (Doc. 47, at 2.)

20 Defendants submitted the declarations of R. Cobb and D. Foston in support of their motion to
21 dismiss. (Docs. 38-1 and 38-2.) R. Cobb declared that Plaintiff submitted an appeal on February 1, 2011
22 alleging excessive force by defendants. (Doc. 38-1, at 3.) However, it was screened out due to Plaintiff's
23 failure to submit his appeal on the departmentally approved appeal form. (Id.)  Plaintiff then resubmitted
24 this appeal on the new appeal form, but because he failed to submit the proper supporting documentation
25 with his 602 appeal form it was screened out again. (Id. at 3-4.) On March 9, 2011, he was given 30
26 days to resubmit his appeal with the proper supporting documentation. (Id. at 4.) However, instead of
27 resubmitting his appeal accordingly, Plaintiff instead submitted a new appeal on April 10, 2011, alleging
28 excessive force on February 1, 2011. (Id. at 4.) This appeal was rejected as untimely on April 10, 2011

because it was filed more than 30 days after the incident complained of. (Id. at 4.) Defendants also submitted the declaration of D. Foston, who stated that Plaintiff failed to submit any third-level review appeals regarding the excessive force allegations against Defendants. (Doc. 38-2, at 3.)

For the reasons stated below, the Court recommends that Defendants' motion to dismiss Plaintiff's Complaint be granted.

## II.

## STANDARD OF REVIEW

FED. R. CIV. P. 12(b) expressly enumerates a list of six defenses that can be asserted in a motion to dismiss, including for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Litigants may also base a 12(b) motion to dismiss on the nonenumerated defense of failure to exhaust nonjudicial remedies. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003).[1]

The evidentiary standard employed in deciding a motion to dismiss may be different depending on the specific type of defense asserted. For example, matters outside the pleadings are not to be considered in a FED. R. CIV. P. 12(b)(6) motion. See Swedberg v. Marotzke, 339 F.3d 1139, 1146 (9th Cir. 2003). On the other hand, the court may look beyond the pleadings and resolve disputed issues of fact on a nonenumerated 12(b) motion to dismiss for failure to exhaust administrative remedies, with the defendant bearing the burden of proof. Wyatt, 315 F.3d at 1119-20; see Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (permitting the consideration of affidavits submitted by the parties on a motion to dismiss for failure to exhaust nonjudicial remedies).

## III.

## DISCUSSION

**A. Plaintiff Failed to State a Claim under the Eighth Amendment against Defendant Rink.**

Defendants argue that Plaintiff's allegations of excessive force against Defendants Marquez and Rink are insufficient to state claims under the Eighth Amendment "because their involvement was limited, occurred after the incident, and did not involve any use of force." (Doc. 38, at 2.) Plaintiff did not rebut Defendants' argument in his response or sur-reply. (Docs. 46 and 52.)

---

[1] If the court finds that the prisoner has failed to exhaust nonjudicial remedies, "the proper remedy is dismissal of the claim without prejudice." Wyatt, 315 F.3d at 1119.

1   To state an Eighth Amendment claim, a plaintiff must set forth facts showing that the alleged
2   deprivation was "'sufficiently serious'" enough to be considered "cruel and unusual punishment."
3   Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005) (quoting Wilson v. Seiter, 501 U.S. 294, 298
4   (1991)). With respect to an excessive force violation, a prisoner must allege that prison officials
5   subjected him to an "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 3112, 319
6   (1986). The issue is "whether force was applied in a good faith effort to maintain or restore discipline or
7   maliciously and sadistically for the very purpose of causing harm." Hudson v. McMillian, 503 U.S. 1, 6-
8   7 (1992).

9   Here, Plaintiff stated sufficient facts against Defendant Marquez under the Eighth Amendment
10  when he claimed that Defendant Marquez shackled him and dragged him by the shackles off of his bunk
11  and out of the cell. The gist of his Complaint against the officers, including Marquez, was that the
12  incident on January 24, 2011 was done without penological purpose and with malicious intent. In this
13  context, these set of facts could be construed as potentially being a type of unnecessary and wanton
14  infliction of pain. On the other hand, Plaintiff failed to state a claim against Defendant Rink because all
15  he alleged was that Lieutenant Rink told the officers to put Plaintiff back in his cell after he was seen by
16  the nurse. Without more, there are insufficient facts for a claim to be made against Defendant Rink
17  under the Eighth Amendment. Thus, Defendants' motion to dismiss for failure to state a claim should be
18  granted as to Defendant Rink but not as to Defendant Marquez.

19  **B. Plaintiff Failed to Exhaust Administrative Remedies before Filing Suit.**

20  Defendants argue that Plaintiff failed to exhaust his administrative remedies as to the Eighth
21  Amendment excessive force claims brought against all Defendants. (Doc. 38, at 6.) Plaintiff argues that
22  he tried to follow the 602 process but he was told that he filed too many 602s, filed 602s on outdated
23  forms, and was ultimately told that he filed his grievance too late. (Docs. 46 and 52.)

24  Under the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to
25  prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any
26  jail, prison, or other correctional facility until such administrative remedies as are available are
27  exhausted." 42 U.S.C. § 1997e(a).  The exhaustion requirement "applies to all inmate suits about prison
28  life, whether they involve general circumstances or particular episodes, and whether they allege

excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion requirements vary from state to state as "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). The California prison system's grievance process is composed of several levels of review: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) a third, final level appeal to the Director of the CDC. Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing CAL. CODE REGS. tit. 15 § 3084.5). While the prisoner's failure to follow these procedures is an affirmative defense for defendants, it is "subject to estoppel in cases where prison officials inhibit an inmate's ability to utilize administrative grievance procedures." Giano v. Goord, 380 F.3d 670, 677 (2nd Cir. 2004); see Foulk v. Charrier, 262 F.3d 687, 697 (8th Cir. 2001) (finding no failure to exhaust where prison officials failed to respond to the inmate's grievance); see also Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (finding no failure to exhaust where inmate was denied grievance forms). In determining whether exhaustion of remedies has occurred, it must be determined whether a remedy was available to the plaintiff. See Booth v. Churner, 532 U.S. 731, 737-39 (2001).

     Here, a review of Plaintiff's appeal history demonstrates that he failed to exhaust his administrative remedies against Defendants prior to filing suit. Plaintiff submitted an appeal regarding the January 24, 2011 incident on February 1, 2011, but it was screened out due to Plaintiff's failure to submit his appeal on the departmentally approved appeal form. Plaintiff then resubmitted this appeal on the new appeal form, but because he failed to submit the proper supporting documentation – namely the Rules Violation Report – with his 602 appeal form it was screened out again. On March 9, 2011, he was given 30 days to resubmit his appeal with the proper supporting documentation, but instead of resubmitting his appeal accordingly, Plaintiff submitted a brand new appeal on April 10, 2011, alleging excessive force on February 1, 2011. This appeal was rejected as untimely on April 10, 2011 because it was filed more than 30 days after the incident complained of. After this point, Plaintiff stopped pursuing the administrative review process and instead filed the instant action in this Court.

Plaintiff acknowledges that he failed to exhaust his administrative remedies but argues that he could not follow the 602 process because he was told that he filed too many 602s, filed 602s on outdated forms, and was ultimately told that he filed his grievance too late. However, these allegations do not excuse Plaintiff from following the proper procedures for exhaustion. Plaintiff does not allege that his ability to properly use the administrative process was hindered by prison officials but that he failed to follow the procedures in a timely manner. As such, because Plaintiff failed to exhaust the prison's appeal process and estoppel does not apply under these facts, Defendants' motion to dismiss Plaintiff's Complaint on exhaustion grounds should be granted.

## IV.
## CONCLUSION

For the foregoing reasons, the Court RECOMMENDS that Defendants' motion to dismiss Plaintiff's entire Complaint on exhaustion grounds should be GRANTED.

IT IS ORDERED that, **no later than July 20, 2012**, the parties may file written objections to this Report and Recommendation. The document should be captioned "Objections to Report and Recommendation." Any reply to the Objections shall be filed **on or before July 31, 2012**. The parties are advised that failure to file either of these documents within the specified time periods may waive the right to raise objections to the magistrate judge's findings of fact. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

IT IS SO ORDERED.

DATED: July 2, 2012

Peter C. Lewis
U.S. Magistrate Judge
United States District Court

cc: The Honorable Sammartino
All Counsel of Record