# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAY G. KIMPEL,<br><br>                              Plaintiff,<br>   vs.<br><br>I. MARQUEZ et al.,<br><br>                              Defendant. | CASE NO. 11CV1084 JLS (PCL)<br><br>**ORDER 1) ADOPTING REPORT AND RECOMMENDATION AND 2) GRANTING MOTION TO DISMISS**<br><br>(ECF. Nos. 38, 92) |

       On May 16, 2011, Plaintiff Jay G. Kimpel ("Kimpel"), a California State Prisoner, brought a 42 U.S.C. § 1983 action against Defendants I. Marquez ("Marquez"), D. Martinez ("Martinez"), A. Buenrostro ("Buenrostro"), Rico, and Rink (collectively, "Defendants") alleging violations of his Eighth Amendment right to be free from the use of excessive physical force. Defendants moved to dismiss the complaint on the grounds that Kimpel failed to state an Eighth Amendment claim against Marquez and Rink and that Kimpel failed to exhaust his administrative remedies. (MTD, ECF No. 38). Magistrate Judge Lewis issued a Report and Recommendation (R&R) recommending that this Court grant Defendants' motion to dismiss. (R&R, ECF No. 92).

       Presently before the Court are Judge Lewis's R&R, Kimpel's objections to the R&R (Obj., ECF No. 94), and Defendants' reply to Kimpel's objections (Reply, ECF No. 96). Magistrate Judge Lewis's R&R contains a thorough and accurate review of the procedural history and facts underlying Kimpel's § 1983 action and this order incorporates by reference the facts as set forth in the R&R.

After consideration, the Court **ADOPTS** the R&R in its entirety and **GRANTS** the Defendants' motion to dismiss.

## STANDARD OF REVIEW

### 1. Review of the Report and Recommendation

Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's R&R. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980). However, in the absence of a timely objection, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974)).

### 2. Motion to Dismiss for Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

1  as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at
2  570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the
3  court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*
4  (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must
5  be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent
6  with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550
7  U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the
8  complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial
9  experience and common sense." *Id.* at 679 (citation omitted). "[W]here the well-pleaded facts do not
10 permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but
11 it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

12 Relevant here, the Court has a duty to liberally construe a pro se's pleadings, *see*
13 *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly
14 important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving
15 liberal interpretation to a pro se civil rights complaint, however, a court may not "supply essential
16 elements of the claim that was not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673
17 F.2d 266, 268 (9th Cir. 1982).

18 Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court
19 determines that the allegation of other facts consistent with the challenged pleading could not possibly
20 cure the deficiency.'" *DeSoto v. Yellow Freight Sys.*, Inc., 957 F.2d 655, 658 (9th Cir. 1992) (quoting
21 *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). In other
22 words, where leave to amend would be futile, the Court may deny leave to amend. *See Desoto*, 957
23 F.2d at 658; *Schreiber*, 806 F.2d at 1401.

24 **3. Motion to Dismiss for Failure to Exhaust Administrative Remedies**

25 A prisoner's failure to exhaust his available administrative remedies "should be treated as a
26 matter in abatement, which is subject to an unenumerated Rule 12(b) motion, rather than a motion for
27 summary judgment." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding an
28 unenumerated 12(b) motion to dismiss for lack of exhaustion, the Court may look beyond the

pleadings and decide disputed issues of fact. *Wyatt*, 315 F.3d at 1119–20. If the Court concludes that the prisoner has not exhausted non-judicial remedies, the "proper remedy is dismissal of the claim without prejudice." *Id.* at 1120. Nevertheless, if it is clear that "allegations of other facts consistent with the challenged pleading could not possibly cure the deficiency," the dismissal should be without leave to amend. *Desoto*, 957 F.2d at 658 (quoting *Schreiber*, 806 F.2d at 1401).

## ANALYSIS

Defendants argue that Kimpel's complaint should be dismissed because (1) Kimpel failed to state an Eighth Amendment claim against Marquez and Rink and 2) Kimpel failed to exhaust his administrative remedies. The Court considers each basis for dismissal in turn.

**1. Failure to State an Eighth Amendment Claim**

To state an Eighth Amendment claim for excessive use of force, the plaintiff must prove that he was subjected to "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). The issue is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992).

Magistrate Judge Lewis determined that Kimpel failed to state an Eighth Amendment claim against defendant Rink. (R&R 4, ECF No. 92). According to the R&R, Kimpel's complaint alleges only that "Rink told the officers to put [Kimpel] back in his cell after he was seen by the nurse." (*Id.* at 4.) Because Rink's actions, as described by Kimpel, did not involve any use of force, the R&R concluded that Kimpel's complaint failed to allege sufficient facts to make out an Eighth Amendment claim against Rink. (*Id.*)[1] Even construing Kimpel's objections liberally, Kimpel does not object to the R&R's determination. Having reviewed this portion of the R&R, the Court finds that the R&R is well-reasoned and contains no clear error. The Court therefore **ADOPTS** this portion of the R&R.

///

---

[1] Magistrate Judge Lewis concluded that Kimpel *did* allege sufficient facts to state an Eighth Amendment claim for excessive force against defendant Marquez. Nevertheless, because the Court also agrees with the R&R's conclusion that Kimpel failed to exhaust his administrative remedies, Kimpel's claims against all defendants, including Marquez, are dismissed.

**2. Failure to Exhaust Administrative Remedies**

*A. Summary of the R&R's Conclusions*

Following a thorough review of Kimpel's efforts to resolve his grievances through the prison's internal appeals process, Magistrate Judge Lewis determined that Kimpel failed to exhaust his administrative remedies. (R&R 5, ECF No. 92) According to the R&R, Kimpel submitted his initial appeal regarding the January 24, 2011 incident on February 1, 2011, but the appeal was "screened out" on the ground that it was filed on an unapproved form. (*Id.*) Kimpel subsequently re-filed his appeal on the correct form, but omitted proper supporting documentation, such that his appeal was "screened out" once again. (*Id.*) On March 9, 2011, Kimpel was given a 30-day extension to resubmit his appeal with the appropriate supporting documentation. (*Id.*) Kimpel did not re-submit his appeal within the 30-day period, however, but rather submitted an entirely new appeal on April 10, 2011, alleging that he was subjected to excessive force on February 1, 2011. (*Id.*) Kimpel's new appeal was rejected as untimely, after which point he discontinued his efforts to make use of the prison's appeals process and initiated this § 1983 action. (*Id.*)

Magistrate Judge Lewis also considered and rejected Kimpel's argument that he should be excused from the exhaustion requirement because "he was told that he filed too many 602s, filed 602s on outdated forms, and was ultimately told that he filed his grievance too late." (*Id.* at 6) According to the R&R, these allegations do not suffice to show that prison officials in any way wrongfully interfered with Kimpel's ability to make use of the prison's appeals process. (*Id.*) Because Kimpel did not allege that prison officials improperly interfered with his efforts to seek an administrative remedy, the R&R concluded that Kimpel could not be excused from following the proper procedures for exhaustion. (*Id.*) Thus, the R&R determined that Kimpel failed to exhaust his available administrative remedies and recommended that Kimpel's complaint be dismissed. (*Id.*)

*B. Objections to the R&R's Conclusions*

Kimpel objects to the R&R on the ground that he tried his best to exhaust his available remedies and that his failure to file his appeal in a timely manner was the "staff of CDCR's faut (sic)." (Obj. 1, ECF No. 94) According to Kimpel, prison officials did not provide him with the correct forms and, when he re-submitted his appeal on proper forms, he left out required documentation

because he "couldn't get a copy" of it. (Obj. 2, ECF No. 94) Kimpel maintains that he submitted a new appeal on April 10, 2011 because his previous appeal was "screened out." (*Id.*) Finally, once his new appeal was rejected as untimely, he argues that he had no choice but to file suit in this Court. (*Id.*)

### *C. Analysis*

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in cases covered by § 1997e(a) is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

Under the PLRA, prison regulations define the exhaustion requirements. *Jones v. Bock*, 549 U.S. 199, 218 (2007). California provides its prisoners and parolees the right to administratively appeal "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code. Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5).

Here, Kimpel's objections do not contradict the R&R's thorough factual account of his efforts to utilize the prison's internal appeals process. Kimpel does not deny that he failed to re-submit his appeal by the required deadline or that he never attempted to appeal beyond the first level of review. Moreover, Kimpel has not alleged any facts, either in his objections or in any of his previous filings with the Court, suggesting that prison officials wrongfully interfered with his ability to make use of the appeals process. For this reason, the Court agrees with Magistrate Judge Lewis that Kimpel failed to exhaust his administrative remedies and accordingly **ADOPTS** this portion of the R&R.

///

///

**CONCLUSION**

For the reasons stated above, the Court **ADOPTS** Magistrate Judge Lewis's R&R in its entirety and **GRANTS** defendants' motion to dismiss. Furthermore, since there is no set of facts that Kimpel could allege to overcome his failure to exhaust available administrative remedies, the Court **DISMISSES WITH PREJUDICE** Kimpel's complaint. This order concludes the litigation in this matter and all pending motions are hereby considered moot. The clerk shall close the file.

**IT IS SO ORDERED.**

DATED: September 18, 2012

*Janis L. Sammartino*
Honorable Janis L. Sammartino
**United States District Judge**